Case 4:16-cr-00066-BMM   Document 65   Filed 03/05/24   Page 1 of 1

AO 247 (Rev. 03/19)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

District of Montana

| | |
|---|---|
| United States of America<br>v.<br>Jacob Ryan Murie | Case No: CR 16-66-GF-BMM<br>USM No: 16525-046 |
| Date of Original Judgment: 01/09/2018 | |
| Date of Previous Amended Judgment: <br>*(Use Date of Last Amended Judgment if Any)* | Defendant's Attorney |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Defendant filed a pro se motion for a sentence reduction, referencing a retroactive change to the sentencing guidelines that he believes may eliminate the "two-point gun enhancement" he received under USSG §2A4.1(b)(3), for possessing a firearm during the commission of a kidnapping. (*See* Doc. 64; PSR ¶ 26.) The Guidelines have not changed with respect to that enhancement. However, Defendant's filing shall be construed liberally as a motion for a sentence reduction under the retroactive application to the criminal history rules in Parts A and B, subpart 1 of Amendment 821 to the United States Sentencing Guidelines. With respect to Amendment 821, Defendant is ineligible.

Part A limits the overall criminal history impact of "status points" for offenders who committed the instant offense while under a criminal justice sentence. Part B, subpart 1 provides a two-level offense level decrease for offenders who did not receive any criminal history points under Chapter Four and whose instant offense did not involve specific aggravating factors. *See* USSG Ret. App. A & B, Sub. 1 Amendment 821 "Reasons for Amendment" (Nov. 1, 2023).

Here, as to Part A, Defendant did not receive any Chapter Four "status points." (PSR ¶¶ 45–46.) As to Part B, Defendant's prior convictions resulted in a total criminal history score of one, not zero. (PSR ¶ 46.) Because Defendant is clearly ineligible for a sentence reduction under the retroactive application of Amendment 821, his motion is denied.

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 3/5/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

Brian Morris, Chief United States District Judge
*Printed name and title*