IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 16-66-GF-BMM-JTJ |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| JACOB RYAN MURIE, | |
| Defendant. | |

## I.    Synopsis

Defendant Jacob Ryan Murie (Murie) has been accused of violating conditions of his supervised release. (Docs. 67 and 69). Murie admitted some of the alleged violations. Murie's supervised release should be revoked. Murie should be sentenced to custody for 2 months, with 34 months of supervised release to follow. During the term of supervised release, Murie shall be subject to the following additional conditions: (1) shall not associate with any individual using or involved in the sale or distribution of dangerous drugs and (2) shall not engage in any gambling or wager activities, online or in person, and shall not enter any establishment where gambling is the primary service offered.

## II.    Status

On August 19, 2017, Murie pleaded guilty to the offense of Kidnapping, in violation of 18 U.S.C. §§ 1201(a) and 1153(a) as charged in Count 1 of the Indictment.  (Doc. 52).  The Court sentenced Murie to custody for 115 months followed by 3 years of supervised release.  (Doc. 60).  Murie's current term of supervised release began on February 28, 2025.

### Petition

On September 17, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Murie's supervised release. (Doc. 67). The Petition alleged Murie violated conditions of his supervised release by: (1) failing to participate in substance abuse testing on July 8, 2025; (2) consuming alcohol on September 14, 2025; and (3) using methamphetamine on September 11, 2025.

### Amended Petition

On September 24, 2025, the United States Probation Office filed an Amended Petition requesting that the Court revoke Murie's supervised release. (Doc. 69). The Amended Petition alleged Murie violated conditions of his supervised release by the added violations of: (4) being charged on September 15, 2025 with Possession of Prescription or Dangerous Drugs, in violation of Chippewa-Cree Tribal Code 4-9-302; (5) being charged on September 15, 2025 with Possession of Drug Paraphernalia, in violation of Chippewa-Cree Tribal Code 4-10-201; (6) being

charged on September 15, 2025 with Possession of Dangerous Drugs with intent to Distribute, in violation of Chippewa-Cree Tribal Code 4-9-303; and (7) being charged on September 15, 2025 with Use or Possession of Property Subject to Criminal Forfeiture, in violation of Chippewa-Cree Tribal Code 4-9-402.

**Initial Appearance**

Murie appeared before the Court on October 14, 2025. Murie was represented by counsel. Murie stated that he had read the Amended Petition and that he understood the allegations against him. Murie waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on October 14, 2025. Murie admitted that he had violated the conditions of supervised release as set forth as allegations 1-3 in the Amended Petition. The Government moved to dismiss allegations 4-7, which the Court granted. Murie's admitted violations are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Murie appeared before the Court on October 14, 2025. Murie's violation is Grade C. His criminal history category is I. Murie's underlying offense is a Class A felony. Murie could be incarcerated for up to 60 months. Murie could be ordered

to remain on supervised release for 60 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

## III.   Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Murie's supervised release should be revoked. Murie should be sentenced to custody for 2 months, with 34 months of supervised release to follow. During the term of supervised release, Murie shall be subject to the following additional conditions: (1) shall not associate with any individual using or involved in the sale or distribution of dangerous drugs and (2) shall not engage in any gambling or wager activities, online or in person, and shall not enter any establishment where gambling is the primary service offered. This sentence is sufficient but not greater than necessary.

## IV.   Conclusion

The Court informed Murie that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Murie of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Murie that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That JACOB RYAN MURIE has violated the conditions of his supervised release by: (1) failing to participate in substance abuse

testing on July 8, 2025; (2) consuming alcohol on September 14, 2025; and (3) using methamphetamine on September 11, 2025.

The Court **RECOMMENDS:**

That the District Court revoke Murie's supervised release and sentence Murie to custody for 2 months, with 34 months of supervised release to follow. During the term of supervised release, Murie shall be subject to the following additional conditions: (1) shall not associate with any individual using or involved in the sale or distribution of dangerous drugs and (2) shall not engage in any gambling or wager activities, online or in person, and shall not enter any establishment where gambling is the primary service offered.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. Section 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 15th day of October 2025.


John Johnston
United States Magistrate Judge